NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

AUG 13 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-50296 |
| Plaintiff-Appellee, | D.C. No.<br>2:21-cr-00051-RGK-1 |
| v. | |
| FELIX CISNEROS, Jr., | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted July 19, 2024
Pasadena, California

Before:  WARDLAW, PAEZ, and SANCHEZ, Circuit Judges.

Felix Cisneros, Jr., appeals his convictions for: (1) conspiracy to commit

bribery in violation of 18 U.S.C. § 371; (2) bribery of a federal public official in

violation of 18 U.S.C. § 201(b)(2)(A), (C); and (3) money laundering the proceeds

of that bribery in violation of 18 U.S.C. § 1956(a)(1)(B)(i).[1]  Cisneros also appeals

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[1]    Cisneros was also convicted of filing false tax returns for 2015 and 2016 that
failed to report his bribe payments as income.  He does not appeal those
convictions.

his sentence. We have jurisdiction pursuant to 28 U.S.C. § 1291. For the reasons below, we affirm Cisneros's convictions but vacate his sentence and remand for resentencing.

1.     Cisneros first argues that the district court plainly erred in giving the jury a "public authority" instruction that required him to prove the associated defense by a preponderance of the evidence, even though it negated the corrupt intent element of the bribery crimes with which he was charged. *See United States v. Doe*, 705 F.3d 1134, 1147 (9th Cir. 2013); *Dixon v. United States*, 548 U.S. 1, 8 (2006). However, even assuming that the jury instruction was erroneous and that this error was plain under *Doe*, Cisneros has failed to demonstrate that the error was prejudicial. *See United States v. Perez*, 116 F.3d 840, 847 (9th Cir. 1997) (en banc). Indeed, Cisneros has failed to refute the Government's "strong and convincing evidence" regarding his corrupt intent. *Id.* at 848 "It is therefore extremely unlikely that, if properly instructed, the jury would not have convicted" Cisneros of the bribery crimes. *Id.*

2.     Cisneros next argues that his trial counsel was constitutionally ineffective for (1) requesting the public authority instruction, and (2) failing to move to estop the Government from using as evidence checks that it said were bribes from one individual, despite the Government having told a different jury in a prior prosecution that the same checks were compensation for different acts

2

aiding different individuals. We decline to reach the merits of this claim because "the record on appeal is [not] sufficiently developed to permit determination of the issue." *United States v. Alferahin*, 433 F.3d 1148, 1160 n.6 (9th Cir. 2006) (citation omitted). This claim may thus be raised on a motion under 28 U.S.C. § 2255.

**3.**     The district court also did not err by denying Cisneros's motion under Federal Rule of Criminal Procedure 29 with respect to the money-laundering counts. On this point, Cisneros argues that "the very mild measures that [his co-conspirator] claimed Cisneros requested in the payment of the bribes lacked the 'convoluted' character that § 1956 requires."[2] As a result, Cisneros contends the evidence is insufficient to support his convictions under § 1956, which requires that the defendant know the money-laundering "transaction [was] designed in whole or in part—(i) to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity." *Wilkes*, 662 F.3d at 545 (quoting *United States v. Adefehinti*, 510 F.3d 319, 322 (D.C. Cir.

---

[2]     Cisneros also argues that the money-laundering statute requires a financial transaction "'distinct' from the criminal transaction that created the criminally-derived proceeds." However, this argument is squarely foreclosed by our precedent. *See United States v. Wilkes*, 662 F.3d 524, 547 (9th Cir. 2011) (quoting *United States v. Pretty*, 98 F.3d 1213, 1221 (10th Cir. 1996)) (observing that the "simultaneity" of the financial transaction that launders criminally-derived proceeds and the criminal transaction that created the criminally-derived proceeds does not insulate a defendant from the money-laundering statute's reach).

3

2007)).

However, even assuming that Cisneros's money-laundering transaction did not rise to a sufficiently sophisticated level, that would still not be a proper basis to reverse his convictions. This is because the Government not only presented evidence of "*how*" the proceeds were laundered, but also "*why*" they were laundered. *Regalado Cuellar v. United States*, 553 U.S. 550, 566 (2008). Cisneros does not refute this evidence. Thus, "viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Singh*, 995 F.3d 1069, 1075 (9th Cir. 2021) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

4.      Finally, Cisneros argues that the district court erred in imposing a sentencing enhancement for bribery involving an elected official or an official in a "high-level decision-making or sensitive position." U.S.S.G. § 2C1.1(b)(3). In particular, Cisneros asserts that, in imposing a four-level enhancement under § 2C1.1(b)(3), the district court erroneously relied on the commentary to that section, which is not permitted under our precedents unless the applicable guideline is "genuinely ambiguous." *United States v. Castillo*, 69 F.4th 648, 655 (9th Cir. 2023) (quoting *Kisor v. Wilkie*, 588 U.S. 558, 573 (2019)).

We agree that the district court erred by relying on the commentary to

§ 2C1.1(b)(3) without first determining whether the section is "genuinely ambiguous." *Id.* However, as the Government acknowledges, the district court did not have the benefit of *Castillo* at the time of Cisneros's sentencing. We thus vacate the sentence and remand for resentencing so that the district court may determine whether § 2C1.1(b)(3) is genuinely ambiguous in the first instance. In so doing, the court "must exhaust all the 'traditional tools' of construction." *Kisor*, 588 U.S. at 575 (quoting *Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837, 843, n.9 (1984), *overruled on other grounds by Loper Bright Enterprises v. Raimondo*, 144 S. Ct. 2244 (2024)). That is, the court "must 'carefully consider[]' the text, structure, history, and purpose of a regulation, in all the ways it would if it had no agency to fall back on." *Id.* (alteration in original) (quoting *Pauley v. BethEnergy Mines, Inc.*, 501 U.S. 680, 707 (1991)). Then, if "genuine ambiguity remains," the court must determine whether the commentary's reading is "reasonable." *Id.* (quoting *Thomas Jefferson Univ. v. Shalala*, 512 U.S. 504, 515 (1994)). "In other words, [the commentary's reading] must come within the zone of ambiguity the court has identified after employing all its interpretive tools." *Id.* at 576; *see also Castillo*, 69 F.4th at 650 (observing that the relevant inquiry "requires us to examine the plain text of the guideline, determine whether there is any ambiguity, and if there is not, to disregard the interpretive gloss set forth in the guideline's commentary").

**AFFIRMED in part, VACATED in part, and REMANDED for resentencing.**